JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-06791-RGK (AGRx) | Date | December 1, 2016 |
|---|---|---|---|
| Title | *JULES KRAUT, et al v. BANKERS LIFE AND CASUALTY COMPANY* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On December 22, 2015, Jules and Shirley Kraut ("Plaintiffs") filed a complaint against Bankers Life and Casualty Company ("Defendant") alleging claims for 1) breach of contract, 2) breach of the implied covenant of good faith and fair dealing, and 3) fraud. The action arises out of Plaintiffs' allegation that Defendant has improperly denied claims for medical and home care services. According to Defendant, Plaintiffs did not serve the complaint until August 25, 2016.

On September 9, 2016, Defendant removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

In its Notice of Removal, Defendant asserts that the amount in controversy requirement is met based on the total out-of-pocket expenses Plaintiff alleges they have incurred. Specifically, Defendant points to the following three portions of the Complaint:

> Plaintiff paid approximately $20,240.00 for the home care needed out of pocket and requested reimbursement from defendants, and each of them, and that request was wrongfully denied. (Compl. ¶11 at lines 18-20.)

Plaintiff Shirley Kraut fell and fractured her hip and subsequently filed a claim on January 18, 2011, and requested reimbursement of $16,200.00 that had been paid for medical care as a result of the fractured hip. Defendants, and each of them, wrongfully denied this request. (Compl. ¶ 13 at lines 24-27.)

Currently, both plaintiffs are receiving home care and have requested that the defendant insurance company honor their claims. However, the defendants, and each of them, have denied these claims and plaintiffs are being forced to pay out of pocket approximately $6,600.00 for necessary care per month for a current total in excess of $110,000.00. (Compl. ¶ 15.)

Defendant argues that these allegations establish an amount in controversy of at least $146,440. The Court disagrees, as the allegations on which Defendant relies, alone, do not adequately satisfy Defendant's burden of proof. At most, the allegations establish an amount in controversy of $16,200.00, as this is the only amount for which Plaintiffs expressly allege they sought complete reimbursement. As to the other amounts, Plaintiffs merely allege that they incurred those out of pocket expenses, and submitted claims for reimbursement. There is no clear indication of a claim by Plaintiffs that reimbursement of the *full* amount is owed under the insurance policies. Therefore, the Court finds that, without more, Defendant fails to show by a preponderance of the evidence the requisite amount in controversy.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer |  |